UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ART JOHNSON,

    Petitioner,                                    Case No. 2:06-CV-15194
                                                  Hon. Marrianne O. Battani

v.

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PETITIONER'S MOTION FOR GUIDANCE AND A CERTIFICATE OF APPEALABILITY**

Petitioner, Joseph Art Johnson, is a state prisoner serving a parolable life sentence for his 1981 Genesee Circuit Court conviction for assault with intent to commit armed robbery, MICH. COMP. LAWS 750.89. Petitioner filed this application for writ of habeas corpus under 28 U.S.C. §2254, seeking an order compelling the state court to resentence him in accordance with the original expectations of the sentencing judge.

On December 5, 2006, Petitioner filed a motion to stay this action so that he could exhaust his state court remedies with respect to a claim that had not been presented to the state courts. On May 30, 2007, Respondent filed a motion for summary judgment, asserting that the petition should nevertheless be dismissed with prejudice because it was filed after expiration of the one-year statute of limitations. On September 21, 2007, this Court denied both motions. The Court dismissed the petition without prejudice so that Petitioner could return after exhausting his state court remedies, and it denied Respondent's motion for summary judgment because it failed to file the necessary state

court records to support its motion. The case was closed at that time.

On October 23, 2007, Respondent filed the state court records. And on May 15, 2008, Petitioner filed his amended petition, raising a single claim:

> I. Petitioner's Due Process rights were violated under the Fifth and Fourteenth Amendments of the United States Constitution, where the sentencing judge's intent, as to Petitioner's sentence, was not carried out, and the Michigan Supreme Court decision denying Petitioner's due process rights to have the trial judge's intent carried out was erroneously decided based upon Petitioner's alleged prison misconduct and not the mandated well established law.

Despite these filings, due to an administrative error, the case regrettably remained closed in the Court's records. Fortunately, on December 20, 2011, Petitioner filed a motion for guidance, bringing the lack of progress to the Court's attention.

For the reasons that follow, the Court will grant Respondent's Motion for Summary Judgment and dismiss the case with prejudice. Petitioner's motion for guidance will be denied as moot.

## I. Background

On August 22, 1980, when he was eighteen years old, Petitioner and an accomplice robbed two street ice-cream vendors with a .22 caliber pellet gun. Petitioner pled guilty to assault with intent to commit armed robbery, and the trial court imposed a parolable life sentence.

Petitioner filed a direct appeal that raised three claims:

I. The trial court erred by failing to advise defendant that he could be sentenced as a probation violator.

II. The trial court failed to personally advise defendant of his rights pursuant to General Court Rule 785.7(1).

III. The trial court failed to advise defendant that the charged offense carried

a mandatory mimimum.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Johnson, 130 Mich. App. 26 (1983). Petitioner filed a letter request in the Michigan Supreme Court to review the decision. The court remanded the case to the trial court "for further articulation of the trial court's reasons for imposition of a life sentence in this case. . . ." People v. Johnson, 419 Mich. 920 (1984). On September 28, 1984, the trial court issued a "Reply to Supreme Court Order." The court noted Petitioner's extensive assaultive history as a juvenile, and found "it was this Court's opinion, in view of all the factors recited above, that [Petitioner] would not be able to function within society for a great number of years and the court, though Proposal B has passed, had some real question that he would spend more than the 10 years, which had been previously provided, before he would have an opportunity for parole." Id., at 3. The Michigan Supreme Court thereafter denied leave to appeal. People v. Johnson, 422 Mich. 897 (1985).

About eighteen years later, on July 2, 2003, Petitioner filed a motion for relief from judgment in the trial court. The motion alleged that when the original sentencing judge sentenced Petitioner to life in prison, it did so under the mistaken impression that Petitioner would be eligible for parole in ten years. The trial court heard oral argument on the motion and denied it on the record.

Petitioner subsequently filed a motion for reconsideration, supported by a letter written by the retired sentencing judge. In the letter, the judge indicated that when he sentenced Petitioner he was under the impression that Petitioner "would be given a hearing by the Parole Board after he served ten years, with the possibility that he could be paroled." The trial court denied the motion for reconsideration on September 9, 2004.

Petitioner attempted to appeal this decision, but the appeal was dismissed for lack of jurisdiction by the Michigan Court of Appeals under Michigan Court rule 6.502(G) on the ground that the motion for reconsideration constituted Petitioner's "second motion requesting this type of relief since 1995 where no newly discovered evidence or retroactive change in the law may be found." People v. Johnson, No. 258229 (Mich. Ct. App. December 17, 2004). The Michigan Supreme Court rejected Petitioner's subsequent application for leave to appeal under the same rationale. People v. Johnson, 472 Mich. 921 (2005). A subsequent attempt to raise the issue was denied on the same basis. People v. Johnson, No. 265434 (Mich. Ct. App. October 20, 2005).

On December 20, 2006, Petitioner returned to the state trial court and filed yet another motion for relief from judgment, raising the following claims:

> I. Defendant should be resentenced because, at the time of his sentencing, the judge was under a misapprehension of misconception of the law, and the intent of the sentencing judge was not met.
>
> II. Defendant should be resentenced because, at the time of his sentencing, the judge was under a misapprehension of misconception of the law as to his direct input into when defendant would be paroled.
>
> III. Defendant fulfills the requirements under Michigan Court Rule 6.502(G)(2) for the court to consider his successive motion for relief from judgment, and the "cause and prejudice" standard outlined in Rule 6.508(D)(3), which permits the court to grant him his requested relief.

On December 17, 2007, the state trial court denied Petitioner's motion for relief from judgment, and the Michigan Court of Appeals yet again denied Petitioner's application for leave to appeal on jurisdictional grounds.

Petitioner appealed to the Michigan Supreme Court, and on November 2, 2007, it ordered the prosecutor to answer the application and "provide as much information as is

4

possible, including references to the defendant's record while incarcerated, as to what has led the Department of Corrections to exercise its discretion to keep the defendant incarcerated until now." On March 21, 2008, the court denied the application for leave to appeal. People v. Johnson, 480 Mich. 1119 (2008). Michigan Supreme Court Justice Kelly dissented, noting that Petitioner had been imprisoned for 28 years for a relatively minor crime, and he had potentially meritorious claims. Justice Young, answering the dissent, noted that Petitioner had accumulated "a lengthy and substantial record of prison violations, including violent assaults." Appended to the order is a list of over one-hundred documents detailing Petitioner's numerous misconducts, many of which involve assaults including at least two stabbings of fellow prisoners and an assault on a corrections officer.

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Sanders v. Freeman, 221 F. 3d 846, 851 (6th Cir. 2000) (quoting FED. R. CIV. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. Id.

## III. Analysis

The Court will grant Respondent's motion for summary judgment because the petition for writ of habeas corpus has not been filed within the one-year statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110

Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1); McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir. 2007). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to it. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

Under § 2244(d), a petitioner must file a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). If a claim is not filed within the one-year statute of limitations, it must be dismissed. Holloway v. Jones, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claim asserted in Petitioner's amended habeas application does not implicate subparagraphs (B) or (C), and Petitioner does not contend that either of those provisions are applicable. Thus, the Court must determine whether the petition is timely under either subparagraph (A) or (D).

6

Subparagraph (A) looks to the date the petitioner's conviction became final on direct review. But in a case such as the present one, where the petitioner's conviction became final before the enactment of the statute of limitations, prospective habeas petitioners were given a one-year grace period from the section's enactment, or until April 24, 1997, to timely file their petitions. See McClendon v. Sherman, 329 F.3d 490, 494-95 (6th Cir. 2003); Cook v. Stegall, 295 F.3d 517, 519 (6th Cir. 2002).

Here, Petitioner did not file his petition until November 21, 2006, over nine years after the one-year grace period expired. Petitioner filed a motion for relief from judgment in the state trial court in 2003, but this did not affect the untimeliness of the petition under subsection (A). Under § 2244(d)(2), a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has already expired. Ege v. Yukins, 485 F.3d 364, 371–72 (6th Cir. 2007); see also 28 U.S.C. §2244(d)(2). Therefore, Petitioner's application is untimely under subparagraph (A).

Turning to subparagraph (D), the limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. See Ali v. Tennessee Board of Pardon and Paroles, 431 F. 3d 896, 898 (6th Cir. 2005). The time under the limitations period begins to run pursuant to subparagraph (D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. Id. The section does not "convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." Redmond v. Jackson, 295 F. Supp. 2d 767, 771 ( E.D. Mich. 2003). "Rather, it is

the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." Id. at 772. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. See Stokes v. Leonard, 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Petitioner claims that his due process rights were violated when the trial court's intent in sentencing him to parolable life was not carried out by the Michigan Parole Board. The claim was not a novel one when Petitioner first raised it. Rather, it is based on facts that Petitioner could have discovered through the exercise of due diligence. Even before the enactment of the limitations period, the claim that parolable life sentences in Michigan were not being treated by the parole board as perhaps understood by Michigan sentencing judges was publicized. See, e.g., Jeanice Dagher-Margosian, Life Means Life, Parole Rarely Granted on Nommandatory Life Terms, 73 MICH.B.J. 1184, 1184-1185 (1994). The history of the particular changes to the parole laws and culture within the parole board essentially began in 1992, and has been outlined by this Court in a prior opinion. See Bey v. Rubitschun, 2007 U.S. Dist. LEXIS 95748 ( E.D. Mich. Oct. 23, 2007), reversed by Foster v. Booker, 595 F.3d 353 (6th Cir. 2010). Petitioner did not begin to assert claims in the state courts based on the treatment of his parolable life sentence by the parole board until 2003, over ten years after the changes began. With the exercise of due diligence, Petitioner could have filed his habeas petition much sooner than he did, and indeed he could have done so before the expiration one-year grace period on April 24, 1997.

Accordingly, the petition is also untimely under subparagraph (D).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida,    U.S.   , 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling. Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003). Petitioner is not entitled to equitable tolling because he has failed to demonstrate that some extraordinary circumstance prevented him from filing his petition at an earlier in time.

In any event, it is worth noting that the Sixth Circuit has already considered and rejected an identical due process claim concerning the incorrect expectations of sentencing judges regarding parolable life sentences in Foster:

> We assume for the sake of argument that the Due Process Clause would prohibit the imposition of punishment beyond limits explicitly imposed by the sentencing court, at least in the absence of some further infraction. But that is not what is alleged in the complaint. Instead, the complaint alleges the imposition of punishment within a range explicitly imposed, but beyond the subjective expectation of the sentencing judge. We are unaware of any authority that would make this a due process violation.
>
> The closest cases cited by plaintiffs in this connection are different because they reflect post-sentencing changes that conflict with explicit limits in the judge's sentence. The Seventh Circuit on direct appeal in United States v. Kerley, 838 F.2d 932, 941 (7th Cir. 1988), remanded for resentencing, noting that the trial judge "may have sentenced Kerley to a longer term in prison than the judge realized," but the crux of the ruling was that the trial judge had incorrectly stated at the sentencing hearing that the time served could be less than one year, when the sentencing statute mandated a sentence of at least one year. In Culter v. United States, 241 F.

9

> Supp. 2d 19, 22 (D.D.C. 2003), the court relied on that fact that "the Court's sentence was premised on an explicit understanding of where petitioner would serve her time." Plaintiffs' complaint does not allege that such explicit limits were contained in the sentences imposed on plaintiffs.

Foster, 595 F.3d at 369.

### IV. Conclusion

The Court will grant Respondent's motion for summary judgment and deny the petition for writ of habeas corpus with prejudice. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke

it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. See Grayson v. Grayson, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that Respondent's motion for summary judgment is GRANTED, and the Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's motion for guidance is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

s/Marianne O. Battani  
HONORABLE MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

Dated: January 13, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Joseph Art Johnson, via ordinary U.S. Mail, and Counsel for the Respondent, via the Court's ECF System.

s/Bernadette M. Thebolt  
Case Manager